Jeffry A. Davis (SBN 103299)
Joseph R. Dunn (SBN 238069)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:   858-314-1500
Fax:   858-314-1501

Special Counsel for Trustee
Leslie T. Gladstone,

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>CREATIVE CAPITAL LEASING GROUP, LLC,<br><br>Debtor. | Case No. 07-04977-PB7<br><br>Chapter 7<br><br>Adv. Proc. No. 09-90464 |
| LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD AND ASSOCIATES,<br><br>Defendant. | **FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND OBJECTION TO CLAIM**<br><br>Dept:    4<br>Judge:   Peter W. Bowie |

Plaintiff Leslie T. Gladstone, the chapter 7 trustee (the "Trustee" or "Plaintiff") of debtor Creative Capital Leasing Group, LLC (the "Debtor"), by and through her counsel, as and for her Complaint against defendant Stanford and Associates ("Defendant"), respectfully alleges on behalf of the estate of the Debtor as follows:

**JURISDICTION AND VENUE**

1.   This proceeding arises in the bankruptcy case of *In re Creative Capital Leasing Group, LLC*, Case No. 07-04977-PB7 (the "Case"), which was commenced on September 10, 2007

1

4735584v.2

1  (the "Petition Date") when Debtor filed a voluntary petition under chapter 11 of the Bankruptcy
2  Code in the United States Bankruptcy Court for the Southern District of California (the "Court").

3      2.    This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334,
4  and Title 11 of the United States Code (the "Bankruptcy Code").

5      3.    This adversary proceeding is a core proceeding for which the Court is authorized to
6  hear and determine all matters in accordance with, inter alia, 28 U.S.C. § 157(b), subject to review
7  under 28 U.S.C. § 158.

8      4.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409
9  because the Debtor's Case is pending in this Court.

## PARTIES

11      5.    Plaintiff is the Chapter 7 Trustee and was appointed by the United States Trustee for
12  the Southern District of California on or around October 10, 2008 to represent the interests of the
13  Debtor's estate (the "Estate") in connection with the Debtor's Case.

14      6.    Plaintiff is informed and believes and thereon alleges that defendant Stanford and
15  Associates is a law firm based and doing business in San Diego, California.

## ALLEGATIONS

17      7.    Plaintiff is informed and believes and thereon alleges that the Debtor was formed in
18  or around 1994 by David Winick ("David") and Daniel Winick, who were the initial named
19  members of the Debtor. Prior to the Petition Date, the Debtor was engaged in the business of
20  managing and leasing commercial real estate, residential real estate and heavy equipment.

21      8.    Plaintiff is informed and believes and thereon alleges that on or around May 1, 1999,
22  Daniel Winick "withdrew" as a member of the Debtor. At all times thereafter, and at all times
23  relevant herein, David was the sole named member of the Debtor.

24      9.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,
25  the Debtor was managed and controlled by David and certain of his family members, and/or their
26  agents, affiliated entities or representatives (the "Winick Family").

27      10.    Plaintiff is informed and believes and thereon alleges that long before the Petition
28  Date, the Debtor began realizing significant cash flow deficiencies based on, among other things, the

2

4735584v.2

Winick Family's use of the Debtor's funds for their own personal use, including payment of personal loans and expenses of the Winick Family, and a severe decrease in the value of the Debtor's assets. All the while, the Debtor continued to solicit millions of dollars in loans from friends and family members to fund the Debtor's operations. Ultimately, the Debtor became unable to pay its debts as they became due.

11. Plaintiff is informed and believes and thereon alleges that between September 10, 2003 and the Petition Date, the Debtor transferred at least $40,000.00 of the Debtor's funds to Defendant. Plaintiff is informed and believes and thereon alleges that these funds were transferred to pay for the personal legal expenses of Jack and Wendy Winick, David's father and mother respectively, and that the Debtor did not receive any consideration for such transfers.

12. To the extent Defendant has filed a proof of claim in the Debtor's Case or has otherwise requested payment from the Debtor, the Estate or the Trustee (collectively, "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, Bankruptcy Code section 502, and such rights are expressly reserved. Notwithstanding this reservation of rights, the Plaintiff seeks certain relief under Bankruptcy Code section 502 as set forth below.

### FIRST CLAIM FOR RELIEF
**Avoidance of Fraudulent Transfers**
**(11 U.S.C. §§ 544, 548(a)(1)(A), California Civil Code §§ 3439, *et seq.*)**

13. Plaintiff incorporates by reference paragraphs 1 through 12 of this Complaint as though set forth in full.

14. Plaintiff is informed and believes and thereon alleges that the Debtor transferred funds or other interests in its property (the "Funds") in the amount of <u>at least</u> $40,000.00 to or for the benefit of Defendant (the "Identified Transfers"). Attached hereto as Exhibit "A" is a schedule of the Identified Transfers. The Identified Transfers were each made to and for the benefit of Defendant.

15. Plaintiff is informed and believes and thereon alleges that in addition to the Identified Transfers, the Debtor may have transferred other Funds to Defendant which the Trustee has not yet been able to identify (the "Unidentified Transfers," together with the Identified Transfers, the

3

4735584v.2

"Transfers"). During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of now Unidentified Transfers made to Defendant. It is Plaintiff's intention to avoid and recover all fraudulent transfers made to Defendant, including payments made to Defendant from the Debtor's or David's bank accounts. Plaintiff reserves the right to amend this Complaint to include further information regarding the Transfers, including information regarding any now Unidentified Transfers.

16. Plaintiff is informed and believes and thereon alleges that the Funds transferred were Funds to which the Debtor was legally entitled and the Funds have not been repaid to the Debtor.

17. Plaintiff is informed and believes and thereon alleges that the Transfers were made with the actual intent to hinder, delay, and/or defraud the Debtor's creditors, in that the Debtor had no business purpose to make such Transfers to Defendant, and such Transfers were made to the detriment of the Debtor's actual creditors.

18. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

19. Plaintiff is informed and believes and thereon alleges that at the time the Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Foster Pepper, PLLC.

**SECOND CLAIM FOR RELIEF**
**Avoidance of Fraudulent Transfers**
**(11 U.S.C. §§ 544, 548(a)(1)(B), California Civil Code §§ 3439, *et seq.*)**

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though set forth in full.

21. Plaintiff is informed and believes and thereon alleges that the Debtor received less than reasonably equivalent value for the Transfers, in that the Transfers were made for the benefit of Jack and Wendy Winick and the Debtor received no consideration in return for such Transfers.

22. Plaintiff is informed and believes and thereon alleges that the Debtor was insolvent on the date that the Transfers were made or became insolvent as a result of the Transfers.

4

4735584v.2

23. Plaintiff is informed and believes and thereon alleges that at the time of the Transfers, the Debtor was engaged in business or transactions, or was about to engage in business or transactions, for which any property remaining with the Debtor was unreasonably small capital.

24. Plaintiff is informed and believes and thereon alleges that the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

25. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

26. Plaintiff is informed and believes and thereon alleges that at the time the Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Foster Pepper, PLLC.

### THIRD CLAIM FOR RELIEF
**Recovery of Avoided Transfers or Value Thereof**
**(11 U.S.C. § 550)**

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as though set forth in full.

28. Upon avoidance of the Transfers under the First and/or Second Claims for Relief alleged herein, the Trustee is entitled to recover the Funds transferred or the value of the Transfers from the Defendant as the initial, immediate, or mediate transferee, or the entity or person for whose benefit the fraudulent transfer was made pursuant to 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF
**Disallowance of Claim**
**(11 U.S.C. § 502(d))**

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though set forth in full.

30. Plaintiff is informed and believes and thereon alleges that Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

31. Plaintiff is informed and believes and thereon alleges that Defendant is a transferee of the Transfers, which are avoidable under 11 U.S.C. §§ 544 and 548, and California Civil Code §§ 3439, *et seq.*, as set forth above.

5

4735584v.2

32. Plaintiff is informed and believes and thereon alleges that Defendant has not paid the amount of the Transfers, or turned over such Transfers, to Plaintiff for which Defendant is liable under 11 U.S.C. § 550.

33. Any and all Claims of Defendant and/or their assignees against the Estate must be disallowed until such time as Defendant pays or turns over to Plaintiff an amount equal to Defendant's liability under 11 U.S.C. § 550.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1. For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(A), and/or California Civil Code §§ 3439, *et seq.*;

2. For a judgment against Defendant avoiding the Transfers, in the aggregate amount of at least $40,000, plus any additional amounts according to proof; and

3. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

4. For a determination by this court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(B), and/or California Civil Code §§ 3439, *et seq.*;

5. For a judgment against Defendant avoiding the Transfers, in the aggregate amount of at least $40,000, plus any additional amounts according to proof; and

6. For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief

7. For a judgment granting Plaintiff the right to recover from Defendant, as the initial, immediate, or mediate transferees, or as the entities or persons for whose benefit the Transfers were made, the Transfers avoided or the value of the Transfers avoided under the First and/or Second Claims for Relief; and

8. For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief

9. For a judgment disallowing any Claims of Defendant against the Debtor's Estate; and

4735584v.2

10. For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief:</u>

The Trustee seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law.

Dated: January 22, 2010	/s/ Joseph R. Dunn
Jeffry A. Davis
Joseph R. Dunn
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
Special Counsel for Leslie T. Gladstone

7

4735584v.2

**EXHIBIT A**

| Date of Transfer | Amount of Transfer | Method of Transfer |
|---|---|---|
| 08/11/05 | $25,000.00 | Check |
| 12/13/05 | $15,000.00 | Check |
| **Total** | $40,000.00 | |

8

4735584v.2